Mary Jo O'Neill  AZ Bar No. 005924 (Pro Hac Vice)
P. David Lopez, DC Bar No. 426463 (Pro Hac Vice)
Meenoo Chahbazi, DC Bar No. 494651 (Pro Hac Vice)
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
Telephone: (602) 640-5061
Fax: (602) 640-5009
E-mail: mary.oneill@eeoc.gov
          patrick.lopez@eeoc.gov
          meenoo.chahbazi@eeoc.gov

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> TEPANYAKI OF CLEARFIELD, L.L.C., <br><br> Defendant. | Case No. 1:09-cv-43 TS <br><br> **CONSENT DECREE** <br><br> **Judge Ted Stewart** |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Tepanyaki of Clearfield, L.L.C. ("Tepanyaki" or "Defendant") to enforce Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991. In the Complaint, the Commission alleged that Defendant discriminated against Ms. Alison Woodbury in violation of Title VII, 42 U.S.C. § 2000e-2(a), by firing her because she was pregnant.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.

The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

It is hereby ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all claims of the Commission against Defendant, including back pay, compensatory and punitive damages, interest, injunctive relief, attorney's fees, and costs arising out of the issues in this lawsuit.

2. This Decree, and any provision herein regarding Defendant, applies to Defendant and to its officers, agents, employees, successors, and assigns.

3. Defendant denies liability and this Consent Decree is not an admission of liability.

## INJUNCTION

4. Defendant and its officers, agents, employees, successors, and assigns both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from: (a) discriminating against any employee on the bases of sex and/or pregnancy, including refusing to rehire and/or terminating an employee; (b) altering the terms and conditions of any employee's employment because of pregnancy; and (c) retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or

(iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal or State laws prohibiting discrimination or retaliation.

## MONETARY RELIEF

5. Defendant shall pay a settlement in the amount of $30,000 to Ms. Woodbury by no later than thirty (30) calendar days after the Court's entry of this Consent Decree. The cashier's check or money order shall be made payable to Ms. Woodbury and mailed to the address provided by the Commission. Within three business days of the issuance of the cashier's check or money order, Defendant shall submit a copy of the check or money order and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

6. This payment represents settlement of compensatory damages in the amount of $30,000. Defendant shall make no deductions from this amount. Defendant will issue United States Internal Revenue Service Form 1099 to Ms. Woodbury for the compensatory damages for the tax year during which payment is made. Defendant will not condition the receipt of individual relief on Ms. Woodbury's agreement to (a) maintain as confidential the terms of this decree, (b) waive her statutory right to file a new charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position with the Defendant.

## OTHER RELIEF

7. Defendant shall expunge from the personnel file of Ms. Woodbury: (a) all references to the charge of discrimination filed against Defendant that formed the basis of this action; (b) all references to Ms. Woodbury's participation in this action; (c) any derogatory document which relates to complaints or investigation of discrimination based on sex (female-pregnancy); and (d) any other documents relating to the charge of discrimination which Ms. Woodbury filed.

8. Defendant shall agree to institute and carry out policies and practices that help assure a work environment free from unlawful discrimination based on sex (female-pregnancy). To assist Defendant in its efforts to assure such a work environment, Defendant shall take the actions provided in paragraphs 9 through 13 of this Decree.

## NOTICE

9. Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at its facility, the Notice attached as Exhibit A. The Notice shall be posted in English and other languages as appropriate. The Notice shall be the same type, style and size as set forth in Exhibit A.

## TRAINING

10. Defendant shall provide training on unlawful sex (female-pregnancy) discrimination, according to the following terms:

A. Defendant shall retain Attorney Lauren Scholnick to provide the training described above. At least sixty (60) days prior to the proposed training session, Defendant shall submit the dates of the proposed training session and an outline of the

contents of the training, to the Regional Attorney of the Phoenix District Office of the EEOC, at the address provided above.

B.  The seminar training session shall be conducted within six months of the entry of this Decree. New hires within the decree period will be trained within two months of their hire date.

C.  The seminar training session shall be at least two (2) hours in length, including thirty (30) minutes for questions and answers. All of Defendant's supervisory, management and non-supervisory employees shall attend the seminar session. Defendant shall keep a written record of all employees who attend the training. The registry of attendance shall be retained by Defendant for the duration of this Decree. Defendant may at its election have duplicative sessions to accommodate staffing needs or videotape the training session. Defendant shall be responsible for any additional costs to provide such duplicative or videotaped sessions.

D.  The seminars shall include: (1) the subject of what constitutes sex (female-pregnancy) discrimination; (2) that Title VII is violated by sex discrimination based on pregnancy; (3) how to prevent sex (female-pregnancy) discrimination; (4) how to provide a work environment free from sex (female-pregnancy) discrimination; (5) to whom and by what means employees may complain if they feel they have been subjected to sex (female-pregnancy) discrimination in the workplace; and (6) the training will cover the myths and stereotypes often associated with the ability of pregnant women to work; typical manifestations of pregnancy discrimination in the workplace at both the application and employment phases; common challenges faced by pregnant women in the

workplace; legal obligations of employers of pregnant employees; and informational resources available to employers with pregnant employees. The session shall also review and explain Defendant's policies set out in this Decree.

11. The Commission, with reasonable notice, may designate Commission representatives to attend and participate in the seminar-training sessions, and the representatives shall have the right to attend and fully participate in the sessions.

## POLICIES AND PROCEDURES

12. Within sixty (60) days of the entry of this Decree, Defendant shall develop written policies concerning sex (female-pregnancy) discrimination, to conform to the law, and submit the policy for review to the Regional Attorney of the Phoenix District Office of the EEOC. Defendant shall be responsible for: (a) creating and implementing, and/or reviewing and revising, Defendant's anti-discrimination policies; (b) creating and implementing, and/or reviewing and revising, Defendant's procedures with respect to responding to and keeping records regarding complaints received. These written policies must include at a minimum:

A. A strong and clear commitment to a workplace free of sex (female-pregnancy) discrimination;

B. A clear and complete definition of sex (female-pregnancy) discrimination;

C. A statement that sex (female-pregnancy) discrimination is prohibited and will not be tolerated;

D. A clear and strong encouragement of persons who believe they have been subjected to sex (female-pregnancy) discrimination to come forward;

E.  The identification of specific individuals, internal and external to Defendant, with their telephone numbers, to whom employees, who have been subjected to sex (female-pregnancy) discrimination, can report the unlawful conduct, including a written statement that employees may report the unlawful conduct to designated persons outside of their chain of management. The statement shall explain that, should a non-English speaking employee seek to report sex (female-pregnancy) discrimination, Defendant shall retain an interpreter for purposes of taking the report and further communicating with the employee about the reported incidents;

F.  A policy that Defendant shall promptly, fairly, appropriately, and effectively investigate all complaints of sex discrimination, including discrimination on the basis of pregnancy. The investigation should include a finding of whether discrimination occurred; a credibility assessment; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation. Defendant shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators and to eradicate the discrimination;

G.  A description of the consequences, up to and including termination that will be imposed upon violators of the policy;

H.  A promise of confidentiality to the extent possible for persons who believe that they have been subjected to sex (female-pregnancy) discrimination;

I.  An assurance of non-retaliation for persons who believe they have been subjected to sex (female-pregnancy) discrimination, and for witnesses;

J. The policy that Defendant shall not retain documents related to the investigation in any of the complainant's personnel files. All disciplinary actions taken against employees for violation of Defendant's policy will be retained in the violator's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged violator's file.

13. These policies shall be distributed to each of Defendant's current employees within ninety (90) days of the entry of this Decree. These policies shall be distributed to all new employees of Defendant when hired. These policies also shall be posted, in English and other languages as appropriate, in a prominent place frequented by the employees at Defendant's workplace.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

14. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office, beginning six months from the date of the entry of this Decree, and every six months thereafter for the duration of the Decree the following information:

A. A copy of the revised policies required in paragraph 12 of this Decree.

B. Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subjects of sex (female-pregnancy) discrimination.

C. The name, address, position, social security number, and telephone number of any individual who has brought allegations, whether formal or informal, of sex (female-pregnancy) discrimination, against Defendant's personnel including, but not

limited to, management officials and/or non-management employees, during the first six months, and every six months thereafter, preceding the report to the EEOC. The nature of the complaint, investigatory efforts made by Defendant, and corrective action taken, if any, also shall be specified.

D. The registry of persons attending the seminars required in paragraph 10 of this Decree and a list of current supervisory, managerial, and non-supervisory personnel employed by Defendant on the days of the seminar training sessions.

E. Confirmation that (1) the Notice required in paragraph 9 of this Decree was posted in, and the locations where it was posted; (2) the policies required in paragraph 12 were distributed to each current and new employee of Defendant; (3) the expungement from the Ms. Woodbury's personnel file required in paragraph 7 of this Decree took place, the date of the expungement, and the specific documents expunged.

## COSTS AND DURATION

15. Each Party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

16. The duration of this Decree shall be two years (24) months from its entry. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, the Court may order appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, an award of attorney's fees and costs, and fines for contempt of court.

17. In the event the Court concludes, upon petition of the Commission, following notice to Defendant and a 60 day period to cure the violation, that Defendant has violated the terms of this Decree, Defendant shall pay all attorney's fees and costs incurred by the Commission to enforce the Decree.

18. Absent extension, this Decree shall expire by its own terms at the end of two years (24) months from the date of entry without further action by the Parties.

19. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

DATED this 13th day November of 2009

_____
Honorable Ted Stewart
U.S. District Court Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPROVED AND CONSENTED TO:

AGREED TO FOR DEFENDANTS:

_____
Lauren Scholnick
Strindberg & Scholnick, LLC
785 N. 400 West
Salt Lake City, UT 84103

ATTORNEYS FOR DEFENDANT

_____
Cham A. Sy
Representative for Defendant,
Tepanyaki of Clearfield, L.L.C.

AGREED TO FOR THE EEOC:

_____
Mary Jo O'Neill
Regional Attorney

_____
P. David Lopez
Supervisory Trial Attorney

_____
Meenoo Chahbazi
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
3300 N. Central Ave, Suite 690
Phoenix, AZ 85012

ATTORNEYS FOR PLAINTIFF

APPROVED AND CONSENTED TO:

| AGREED TO FOR DEFENDANTS: | AGREED TO FOR THE EEOC: |
|---|---|
| *[signature]* | _____ |
| Lauren Scholnick | Mary Jo O'Neill |
| Strindberg & Scholnick, LLC | Regional Attorney |
| 785 N. 400 West | |
| Salt Lake City, UT 84103 | _____ |
| | P. David Lopez |
| ATTORNEYS FOR DEFENDANT | Supervisory Trial Attorney |
| | |
| _____ | _____ |
| Cham A. Sy | Meenoo Chahbazi |
| Representative for Defendant, | Trial Attorney |
| Tepanyaki of Clearfield, L.L.C. | |
| | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| | 3300 N. Central Ave, Suite 690 |
| | Phoenix, AZ 85012 |
| | |
| | ATTORNEYS FOR PLAINTIFF |

# EXHIBIT A

## NOTICE TO ALL EMPLOYEES OF
## TEPANYAKI OF CLEARFIELD

It is unlawful under federal law (Title VII of the Civil Rights Act of 1964) and state law to discriminate against an employee on the basis of pregnancy in recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the Equal Employment Opportunity Commission (EEOC) or the Utah Antidiscrimination and Labor Division (UALD).

Tepanyaki of Clearfield will not discriminate against any employee on the basis of pregnancy and will not retaliate against any employee.

If you believe you have been discriminated against by Tepanyaki of Clearfield, you have the right to seek assistance from:

(1) EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2) UALD, 160 East 300 South, 3rd Floor, Salt Lake City, UT 84111, (801) 530-6801 or 1-800-222-1238 or (801) 530-7685 (TDD)

You have the right to file a charge with the EEOC or UALD if you believe you are being discriminated against.

No Retaliation Clause. No action may be taken against you by any supervisory or management official of Tepanyaki of Clearfield for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under state or federal anti-discrimination laws. Should any such retaliatory actions be taken against you, you should immediately contact me and/or the EEOC or the UALD at the address or telephone numbers listed above.

Dated: _____

Cham Sy
Tepanyaki of Clearfield L.L.C.